# EXHIBIT A

**COPY**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CREDENCE RESOURCE MANAGEMENT, LLC; DOES 1-10 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CORTNEY PEREZ



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

VENTURA SUPERIOR COURT
FILED
AUG - 3 2016
MICHAEL D. PLANET
Executive Officer and Clerk
BY: JERRY S. RICARDEZ, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

BY FAX

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of Ventura
800 South Victoria Avenue
Ventura, California 93009

CASE NUMBER: 56-2016-00484921-CL-NP-VTA

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 324 S. Beverly Dr., #725, Beverly Hills, CA 90212, 877-206-4741

DATE: AUG - 3 2016                    Clerk, by MICHAEL D. PLANET, Deputy
*(Fecha)*                              *(Secretario)* JERRY S. RICARDEZ   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **Credence Resource Management, LLC**
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

COPY

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
abacon@attorneysforconsumers.com
Attorneys for Plaintiff

VENTURA
SUPERIOR COURT
FILED

AUG - 3 2016

MICHAEL D. PLANET
Executive Officer and Clerk
BY:_____ Deputy
JERRY S. RICARDEZ

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF VENTURA
LIMITED JURISDICTION

CORTNEY PEREZ,

    Plaintiff,

-vs-

CREDENCE RESOURCE MANAGEMENT,
LLC; DOES 1-10 inclusive,

    Defendant.

CASE NO.: 56-2016-00484921-CL-NP-VTA

COMPLAINT
1. Violation of Fair Credit Reporting Act
2. Violation of California Consumer Credit Reporting Agencies Act

(Amount Not to Exceed $10,000)

**Jury Trial Demanded**

BY FAX

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant' violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 (hereinafter "FCRA"), and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25, *et seq.* (hereinafter "CA CCRA"), both of which regulate the collection, dissemination, and use of consumer information, including consumer credit information.

## II. PARTIES

2. Plaintiff, CORTNEY PEREZ ("Plaintiff"), is a natural person residing in VENTURA County in the state of California, and is a "consumer" as defined by 15 U.S.C. §1681a and *Cal. Civ. Code* §1785.3(a).

Complaint - 1

3. At all relevant times herein, Defendant, CREDENCE RESOURCE MANAGEMENT, LLC ("Defendant"), was a company who regularly provides information to consumer reporting agencies, and is therefore an "information furnisher" as defined by the FCRA and CCRAA. Defendant is also a "person" as defined by *Cal. Civ. Code* §1785.3(j).

## III. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant reported derogatory information on Plaintiff's credit report. Defendant misrepresented, and continue to misrepresent, on one or more of Plaintiff's accounts.

6. Plaintiff's account with Defendant ends in -8201. Plaintiff discovered a negative reporting on her credit report, and believes that the negative reporting was furnished by Defendant.

8. On or about March 26, 2016, Plaintiff sent Defendant a letter requesting a validation of the alleged debt, and disputing the negative credit reporting.

9. Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so.

10. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

11. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

12. Plaintiff has been damaged, and continues to be damaged, in the following ways:
   a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown

13. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

14. At all times pertinent hereto, the conduct of Defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

15. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):
   a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,
   b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

16. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

17. Further, Defendant failed to notify Plaintiff of their intention to report negative information on their credit reports. Defendant then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

18. As a result of the above violations of the FCRA and CA CCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF THE FAIR CREDIT REPORTING ACT

19. Plaintiff reincorporates by reference all of the preceding paragraphs.

20. To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:
   A. Actual damages;

B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees; and,
D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

23. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

24. California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

25. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

26. Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:
(a) Actual damages;
(b) Statutory damages;

Complaint - 4

(c) Costs and reasonable attorney's fees;
(d) For such other and further relief as the Court may deem just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 21st day of July, 2016.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF VENTURA

800 South Victoria Avenue
Ventura, CA 93009
(805) 289-8525
WWW.VENTURA.COURTS.CA.GOV

## NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

Case Number: 56-2016-00484921-CL-NP-VTA

Your case has been assigned for all purposes to the judicial officer indicated below.
A copy of this Notice of Case Assignment and Mandatory Appearance shall be served by the filing party on all named Defendants/Respondents with the Complaint or Petition, and with any Cross-Complaint or Complaint in Intervention that names a new party to the underlying action.

| ASSIGNED JUDICIAL OFFICER | COURT LOCATION | DEPT/ROOM |
|---|---|---|
| Hon. Vincent O'Neill | Ventura | 41 |

| HEARING | MANDATORY APPEARANCE CMC/Order to Show Cause Re Sanctions/Dismissal for Failure to File Proof of Service/Default | |
|---|---|---|
| EVENT DATE | EVENT TIME | EVENT DEPT/ROOM |
| 12/28/2016 | 08:15 AM | 22B |

## SCHEDULING INFORMATION

**Judicial Scheduling Information**

AT THE ABOVE HEARING IS MANDATORY.
Each party must file a Case Management Statement no later than 15 calendar days prior to the hearing and serve it on all parties. If your Case Management Statement is untimely, it may NOT be considered by the court (CRC 3.725).
If proof of service and/or request for entry of default have not been filed: At the above hearing you are ordered to show cause why you should not be compelled to pay sanctions and/or why your case should not be dismissed (CCP 177.5, Local Rule 3.17).

**Advance Jury Fee Requirement**

At least one party demanding a jury trial on each side of a civil case must pay a non-refundable jury fee of $150. The non-refundable jury fee must be paid timely pursuant to Code of Civil Procedure section 631.

**Noticed Motions/Ex Parte Matters**

To set an ex parte hearing, contact the judicial secretary in the assigned department. Contact the clerk's office to reserve a date for a law and motion matter.

**Telephonic Appearance**

Telephonic appearance at the Case Management Conference is permitted pursuant to CRC 3.670. In addition, see Local Rule 7.01 regarding notice to the teleconference provider. The court, through the teleconference provider, will contact all parties and counsel prior to the hearing.

Date: 08/03/2016

Clerk of the Court,
By: *[signature]*
Jerry Ricardez, Clerk

VEN-FNR082

**COPY**

| | CM-010 |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>324 S. Beverly Dr. #725<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: 877-206-4741  FAX NO.: 866-633-0228<br>ATTORNEY FOR (Name): Plaintiff, CORTNEY PEREZ | VENTURA<br>SUPERIOR COURT<br>FILED<br>AUG – 3 2016<br>MICHAEL D. PLANET<br>Executive Officer and Clerk<br>BY: JERRY S. RICARDEZ Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Ventura<br>STREET ADDRESS: 800 South Victoria Avenue<br>MAILING ADDRESS: 800 South Victoria Avenue<br>CITY AND ZIP CODE: Ventura, California 93009<br>BRANCH NAME: Ventura Superior Court - Hall of Justice | |
| CASE NAME:<br>CORTNEY PEREZ v. CREDENCE RESOURCE MANAGEMENT, LLC | |
| **CIVIL CASE COVER SHEET**  **Complex Case Designation**<br>☐ Unlimited  ☑ Limited  ☐ Counter  ☐ Joinder<br>(Amount   (Amount<br>demanded   demanded is   Filed with first appearance by defendant<br>exceeds $25,000)  $25,000 or less)  (Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>56-2016-00484921-CL-NP-VTA<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)
   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)
   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☑ Other non-PI/PD/WD tort (35)
   **Employment**
   ☐ Wrongful termination (36)
   ☐ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)
   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)
   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)
   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)
   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint (not specified above) (42)
   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.☑ monetary b.☑ nonmonetary; declaratory or injunctive relief c.☐ punitive
4. Number of causes of action (specify): 2
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 01, 2016

Todd M. Friedman
(TYPE OR PRINT NAME) ► _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

*BY FAX*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the *primary* cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2